UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                    Chapter 13
                                          Case No. 04-08585-8W3
Lillie Mae McDonald,

    Debtor.
_____/


**MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL BY EDWARD MCDONALD**

This case came on for consideration on the Motion for Extension of Time to File Notice of Appeal (Doc. No. 86) ("Motion") filed by Edward McDonald, *pro se*. The Motion, filed on October 19, 2004, appears to seek an extension of time to appeal the following: (1) Memorandum Decision (Doc. No. 71); (2) Order Denying Motion for Enforcement of the Automatic Stay (Doc. No. 72); (3) Order Denying Motion to Stay All Proceedings Pending Hearing on Violation of Automatic Stay (Doc. No. 73); (4) Order Annulling the Automatic Stay as to State Guardianship Proceedings (Doc. No. 74); (5) Order Denying Motion to Dismiss/Withdraw Document (Doc. No. 75); and (6) Order Denying Motion for Relief From Stay (Doc. No. 76) (collectively, "Orders"). These Orders, which followed the hearing held before this Court on October 1, 2004, essentially annulled the automatic stay in this case to allow guardianship

proceedings against the Debtor to proceed in the state court, despite Mr. McDonald's opposition.[1] The Orders were entered on October 7, 2004.

Rule 8002 of the Federal Rules of Bankruptcy Procedure governs the time for filing notices of appeal. Rule 8002(a) requires that a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." *In re Dow Corning Corp.*, 255 B.R. 445, 465-66 (E.D. Mich. 2000); *In re Williams*, 216 F.3d 1295, 1296 (11th Cir. 2000). The 10-day period "begins to run after the entry of the order and includes intermediate weekends and legal holidays. . . . The last day of the period is also included unless it is a weekend or a legal holiday." *Id.* at 466 (citing to Rule 9006(a)); *Williams*, 216 F.3d at 1296, fn. 3. According to the Rules, since the Orders were entered on October 7, 2004, the last day to file notices of appeal would be October 18, 2004, because the 17th of October fell on a Sunday. The Motion, filed on the 19th, was filed one day past the deadline.

Generally, a bankruptcy court may extend the time for filing the notice of appeal if the motion for extension is

---

[1] The factual history of this dispute can be found in the Court's Memorandum Decision (Doc. No. 71).

filed before the expiration of the ten-day period. *Id.*, Rule 8002(c)(1) and (2). However, under circumstances not present here, a court may extend the deadline on the showing of "excusable neglect." Rule 8002(c)(2).

Unfortunately, in this case, even if the Motion were filed within the ten-day deadline, Rule 8002(c)(1)(A) prevents the Court from granting any extension because the Orders that Mr. McDonald seeks to appeal involve the lifting of the automatic stay. Rule 8002(c)(1)(A); *Cf.*, *Dow Corning*, 255 B.R. at 465-66; *In re Dow Corning*, 2002 WL 551020, *3 (E.D. Mich. 2002) (discussing Rule 8002(c)(1)(F)); *In re Worldcom, Inc.*, 2003 WL 21498904, *2-*3 (S.D.N.Y. 2003) (discussing Rule 8002(c), in *dicta* when deciding whether order approving disclosure statement was a final order). The 1997 amendment to Rule 8002(c) removed the Court's discretion to grant any extensions for certain types of orders because "[t]hese types of orders are often relied upon immediately after they are entered and should not be reviewable on appeal after the expiration of the original appeal period under Rule 8002(a) and (b)." *Colliers*, ¶ App. 8002[4] (citing to 1997 Advisory Committee Note to Rule 8002); *Worldcom*, 2003 WL 21497904, *2. Indeed, the parties immediately relied upon these Orders to

3

proceed to state court to resolve the guardianship of the Debtor.[2]

Rule 8002 is jurisdictional, and failure to timely comply requires an appeal to be dismissed. *In re Belcher*, 293 B.R. 265, 267 (Bankr. N.D. Ga. 2001); *Dow Corning*, 255 B.R. at 465 (citing to *Walker v. Bank of Cadiz (In re LBL Sports Center, Inc.)*, 684 F.2d 410, 412 (6th Cir. 1982)); 10 *Colliers on Bankruptcy*, ¶ 8002.03 (15th Ed. 2001) ("Unless an appeal is timely taken, the reviewing court lacks jurisdiction to hear it."). This rule is always strictly construed and requires exact compliance. *Dow Corning*, 255 B.R. at 465 (citing *Hotel Syracuse, Inc. v. City of Syracuse Indus. Dev. Agency (In re Hotel Syracuse, Inc.)*, 154 B.R. 13, 15 (N.D.N.Y. 1993)); *Colliers*, ¶ 8002.03 ("Cases interpreting Rule 8002 and its predecessor, . . . , have uniformly held that the *sine qua non* of a bankruptcy appeal is a timely filed notice", *inter alia* citing to *Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326 (9th Cir. 1994)).

While the Debtor is *pro se*, and may not fully understand the rules or procedures, this *pro se* status does

---

[2] There was an urgency to proceed with the guardianship proceeding in state court as the temporary guardianship of the Debtor was to expire shortly after the October 1, 2004, hearing. Julie Goddard, the Debtor's temporary guardian, and Mr. McDonald's wife (and the debtor's daughter-in-law) both sought to be the Debtor's permanent guardian.

not excuse compliance with the Rules. *Dow Corning*, 255 B.R. at 466; *In re Frontier Airlines, Inc.*, 108 B.R. 277, 278 (D. Colo. 1989)("The group's pro se status does not suspend the requirement that it comply with the jurisdictional rules relating to notices of appeal. *See Bolden v. Odum*, 695 F.2d 549, 550 (11th Cir. 1983). To hold otherwise would eliminate the finality of bankruptcy orders and frustrate the central policy of the bankruptcy laws to promote the expedient administration of the bankrupt estate. *See Galt v. Jericho-Britton (In re Nucorp Energy, Inc.)*, 812 F.2d 582, 584 (9th Cir. 1987)."). Accordingly, it is:

ORDERED that the Motion is denied.

DONE AND ORDERED in Tampa, Florida, on October 22, 2004.

*[signature]*
Michael G. Williamson
United States Bankruptcy Judge

Copies to:
Movant: Edward McDonald, 4010 Pocahontas Avenue, Tampa, FL 33610;
Debtor: Lillie Mae McDonald, 7203 N. 40th Street, Tampa, FL 33604;
Debtor: Lillie Mae McDonald, c/o Ybor City Healthcare, 1709 Taliafero, Room # 250, Tampa, FL 33602;
Attorney for the Debtor: Scott A. Rosin, Esq., 5835 Memorial Highway, Suite 6, Tampa, FL 33615-5005;
Emergency Temporary Guardian: Julie M. Goddard, P.O. Box 273792, Tampa, FL 33688;
Chapter 13 Trustee: Terry E. Smith, P.O. Box 25001, Bradenton, FL 34206-5001;
United States Trustee: Timberlake Annex, Suite 1200, 501 E. Polk Street, Tampa, FL 33602

F:\WORDWILL\CASES\McDonald\DecAppl.doc